**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LARRY L. WALKER,** | : | **CIVIL ACTION NO. 1:05-CV-2685** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| **WILLIAM WENTZ,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 10th day of January, 2006, upon consideration of the document filed by plaintiff titled "notice of bankruptcy filing" (Doc. 5), requesting that the filing fee in the above-captioned action be waived, see 28 U.S.C. §§ 1914, 1915, and it appearing that, by the order of court dated January 3, 2006 (Doc. 4), a prior request for waiver of the filing fee was denied, see Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."), it is hereby ORDERED that:

1. The "notice of bankruptcy filing" (Doc. 5) is CONSTRUED as a motion for reconsideration.

2. The Clerk of Court is directed to send to plaintiff, via regular mail, an application to proceed *in forma pauperis*. See 28 U.S.C. § 1915.

3. Plaintiff shall complete the application to proceed *in forma pauperis* in its entirety and shall file it with the court on or before January 27, 2006. The application shall state plaintiff's monthly income and shall itemize any real estate, stocks, bonds, notes, automobiles, or other valuable property owned by plaintiff, excluding household furnishings and clothing, and shall state with specificity the approximate value of

each item listed. Failure to comply with this paragraph will result in the denial of the motion for reconsideration.

4. The court will defer ruling on the motion for reconsideration (Doc. 5) pending submission of a completed application to proceed *in forma pauperis*.

/s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge